**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. CR 07-00270 JSW |
| MARK ALLEN DAVIS, | **ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA** |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

Now before the Court is the motion to withdraw the guilty plea filed by Defendant Mark Allen Davis ("Defendant"). Having carefully reviewed the parties' papers, the relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY DENIES Defendant's motion to withdraw his guilty plea.

**BACKGROUND**

On September 13, 2007, Defendant pleaded guilty to two counts of mail fraud, two counts of wire fraud, and one count of aggravated identity theft. (Plea Agreement ("Agreement") at 1:23-3:16.) The Agreement contains a waiver, which states: "I agree not to ask the court to withdraw my guilty pleas at any time after they are entered unless the Court declines to accept the sentence agreed to by the parties." (Agreement at 5:28-6:1.)

On December 27, 2007, Defendant, in pro per, filed a Motion to Withdraw Plea and Replace Court Appointed Counsel with Retained Counsel. Josh Cohen ("Mr. Cohen") of the Federal Public Defender's ("FPD") Office represented Defendant at his change of plea hearing on

1  September 13, 2007.  FPD Daniel Blank also was present.  On January 24, 2008, at Defendant's
2  request, the Court relieved the FPD in favor of retained counsel, Julia Jayne.
3  On February 14, 2008, Defendant, through his new counsel, filed an Amended and
4  Superseding Memorandum in Support of Motion to Withdraw Guilty Plea.  In his declaration in
5  support of the motion, Defendant states that he became very unsatisfied with Mr. Cohen because
6  he perceived Mr. Cohen as trying to convince him "to plead guilty, rather than to pursue possible
7  defenses."  (Declaration of Mark Allen Davis in Support of His Motion to Withdraw Guilty Plea
8  ("Davis Decl.") ¶ 1.)  Defendant also claims that he was never given the opportunity to have his
9  own investigator look over the Government's evidence.  (Davis Decl. ¶ 3.)  Defendant claims that
10 he also felt pressured to plead guilty because the Government threatened to bring additional
11 charges against him if he decided to go to trial.  (*Id.* ¶ 5.)  Defendant alleges that he told the Court
12 that he was pleading guilty voluntarily and that he was satisfied with his counsel only because he
13 believed "he had no choice but to say so."  (*Id.*)

## ANALYSIS

**A.  Applicable Legal Standards.**

A plea agreement is contractual in nature.  *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).  However, prior to sentencing, a defendant can withdraw his guilty plea if he or she demonstrates a fair and just reason for withdrawal.  Fed. R. Crim. P. 11(d)(2)(B).  "'Fair and just reasons for withdrawal include inadequate *Rule 11* plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his plea*.'"  *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)) (emphasis added in *Davis*).  The fair and just standard should be applied liberally.  *Davis*, 428 F.3d at 805. "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003).  The burden of demonstrating a fair and just reason rests with the Defendant.  *See United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984).  The Defendant has no "right" to withdraw his plea.  *Id.*

2

Further, courts generally will "enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Jeronimo*, 398 F.3d at 1153. However, where a plea agreement contains language waiving certain rights, a waiver is not automatically enforceable if the defendant challenges whether the waiver was knowingly and intelligently made. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994) (finding waiver valid, but noting that "a waiver of appellate rights in a plea agreement is not automatically enforceable if, on appeal, the defendant calls into question the validity of the waiver") (citation omitted). The validity of a waiver provision contained in a plea agreement depends on the knowing and voluntary nature of the agreement as a whole. *See id.* at 898. A court should consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with Federal Rule of Criminal Procedure 11." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

Finally, "'[t]he government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a guilty plea, although such prejudice may be considered by the district court in exercising its discretion.'" *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1986) (quoting *United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir. 1977)).

**B.     Defendant's Agreement Not to File a Motion to Withdraw His Plea is Enforceable.**

The Government argues that the Court should deny the motion because Defendant waived the right to bring such a motion. Defendant argues that his waiver was not voluntary because he felt threatened by the Government and felt pressured by his counsel to plead guilty. (Mot. at 5:18-22.)[1] The Court finds that Defendant has not met his burden of showing that the waiver was invalid.

"The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). Defendant expressly agreed that he would "not to ask the court to withdraw [his] guilty pleas at any time after they are entered unless

---

[1] Defendant also contends these facts constitute "fair and just" reasons to withdraw his plea.

3

the Court declines to accept the sentence agreed to by the parties." (Agreement at 5:28-6:1.) The Court finds that the express language of the waiver is clear and unambiguous.

The facts and circumstances surrounding the entry of the plea and the waiver also support the Court's conclusion that Defendant knowingly and voluntarily waived his right to bring this motion, and that he knowingly and voluntarily entered his plea. Although Defendant contends that he believed that Mr. Cohen was pressuring him to plead guilty, Mr. Cohen advised Defendant that he was prepared to take Defendant's case to trial, and also advised him that the decision about whether to enter a plea or go to trial was the *Defendant's* decision. (*See* Opp. Br., Ex. 1.) Further, the Court engaged Defendant in a thorough plea colloquy, during which it specifically asked Defendant whether anyone threatened him or made or forced him to enter a guilty plea. Defendant responded: "No, no one has threatened me." (Transcript of Sept. 13, 2007 Hearing ("Tr.") at 10:1-3.) Defendant now contends that he did think the Court meant pressure from the Government or his counsel. However, the Court's question to the Defendant was open ended. Moreover, during the colloquy the Court told Defendant, "[i]f you do not understand my questions, please advise me and I will rephrase the question. Okay?" Defendant responded, "Yes, sir." (*Id.* at 4:9-12.)

The Court also asked the Defendant if he had the opportunity to read and discuss the Agreement with Mr. Cohen before he signed it. Defendant responded that he did. (*Id*. at 10:21-23.) This Court then inquired whether Defendant had adequate amount of time to discuss any possible defenses and sentence. Defendant again responded that he did. (*Id*. at 28:17-19.) When the Court asked Defendant if Mr. Cohen provided him all the legal advice that he needed or wanted, Defendant responded in the affirmative. (*Id*. at 36:16-18.) The Court then asked if Mr. Cohen had done anything that Defendant had "previously objected to or object[s] to now." Defendant responded: "No, Sir." (*Id.* at 36:19-21.) Defendant finally admitted that he was satisfied with the legal representation that Mr. Cohen provided to him. (*Id.* at 36:22-24.) He also confirmed that he did not require any further legal advice from his attorney. (*Id.* at 36:25-37:3.) Notwithstanding Defendant's current protestations, Defendant's declaration contradicts the statements he made under oath during the plea colloquy. The Court had the ability to evaluate the

4

Defendant's demeanor during the colloquy, and the Court finds that Defendant's current statements that he felt threatened or coerced to plead guilty are not credible. Furthermore, the Court finds that the facts and circumstances surrounding the entry of the plea do not suggest that Defendant's decision to enter into the Agreement was anything but knowing and voluntary.

Although the Court realizes that motions to withdraw pleas are to be liberally granted, the Court concludes that, on this record, there is no basis to show that the waiver contained in the Agreement should not be enforced.

**C.     There is No Fair and Just Reason to Allow Defendant to Withdraw His Plea.**

Although the Court finds that the Defendant's agreement not to move to withdraw his plea, unless the Court rejected the plea agreement, should be enforced, the Court shall consider Defendant's arguments on the allegedly fair and just reasons to allow him to withdraw his plea: (1) his frame of mind with regard to the threat of additional charges; (2) changed financial circumstances; and (3) defense theories that were never pursued.

In cases where courts have allowed a defendant to withdraw his or her plea, the defendant has relied on a change in the law or an intervening decision of a higher court which provides controlling authority; ineffective assistance of counsel; or the discovery of new witnesses or defenses that were not available to defendant at the time he or she entered the plea. *See Davis*, 428 F.3d at 808; *United States v. Garcia*, 401 F.3d 1008, 1011-13 (9th Cir. 2005).

**1.     The Government May Threaten to Bring More Serious Charges Against A Defendant During Plea Negotiations.**

Defendant claims that the Government's threat to bring additional charges combined with Mr. Cohen's alleged unwillingness to take his case to trial, forced him to plead guilty. For the reasons set forth above, especially in light of the plea colloquy, the Court finds this argument unconvincing.

Defendant's assertion that the Government's threats to bring more serious charges constitutes a fair and just reason to allow him to withdraw his plea likewise is misplaced. The Supreme Court, as well as the Ninth Circuit, have long held that a prosecutor may threaten to bring more serious charges against a defendant during plea negotiations in order to induce him to

5

plead guilty. *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1977); *cf. United States v. Murphy*, 65 F.3d 758, 763 (9th Cir. 1995). Furthermore, "[t]he Supreme Court stated that plea bargaining, by its nature, necessarily deters a defendant from exercising his right to trial." *Murphy*, 65 F.3d at763 (citing *Hayes*, 434 U.S. at 362-64). It follows that Defendant's fear that the Government might bring more serious charges against him, if he chose to go to trial, was a type of fear that the Government is allowed to impose. *See id.* Consequently, this type of threat is not a fair and just reason to allow Defendant to withdraw his plea. Moreover, to the extent Defendant argues that he did not understand what the Court meant when it asked whether anyone threatened him in any way "to make or force him to enter a guilty plea," the Court again finds that argument unpersuasive, for the reasons set forth above. Accordingly, the Court concludes that on this record, Defendant's assertion that the Government's threat to bring additional charges constitutes a fair and just reason to allow him to withdraw his plea is without merit.

**2. Defendant's Ability to Retain Counsel Does Not Constitute a Fair and Just Reason to Allow Defendant to Withdraw His Guilty Plea.**

Defendant also argues that the change in his financial circumstances and his ability to retain counsel constitutes a fair and just reason to allow him to withdraw his plea. In the *Davis* case, *supra*, the defendant moved to withdraw his guilty plea before the court imposed sentence and offered as his reason "his belief (based on his attorney's advice) that if he pleaded guilty he would received probation." *Davis*, 428 F.3d at 805. The district court concluded that although defense counsel had not promised probation, "counsel had 'grossly mischaracterized' defendant's possible sentence and had rendered deficient performance by advising defendant that his likely sentence was probation to eight years." *Id.* The district court, however, denied the defendant's motion to withdraw his plea because it concluded that the defendant was required to show actual prejudice. The Ninth Circuit reversed and concluded that "a defendant does not have to prove that his plea was invalid in order to justify withdrawal." *Id.* at 807. The court also concluded that "a defense counsel's erroneous advice may warrant withdrawing a plea even if the defendant does not prove that he would not have pleaded guilty but for the erroneous advice." *Id.*

6

In this case, although Defendant raised an ineffective assistance of counsel claim in his initial motion, Defendant does not pursue that claim. (*See* Mot. at 5 n.2.) In addition, Defendant does not claim that Mr. Cohen gave him erroneous advice. Rather, he argues only that he believed Mr. Cohen was not willing to take his case to trial, a belief not born out by the record. (Opp. Br., Ex. 1.) In addition, as summarized above, the Court engaged in the following colloquy with Defendant regarding Mr. Cohen's representation:

> THE COURT: Mr. Davis, do you understand the elements of the offenses which your charged? [*sic*]
> THE DEFENDANT: I understand.
> THE COURT: Have you fully discussed those charges and the case in general with Mr. Cohen, your counsel?
> THE DEFENDANT: Yes, sir.
> THE COURT: Have you had adequate amount of time to discuss any possible defenses and sentence?
> THE DEFENDANT: Yes.
> ...
> THE COURT: You've been represented in this case by Mr. Cohen; is that correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: Has Mr. Cohen given you all the legal advice that you would need or wanted?
> THE DEFENDANT: Yes, sir.
> THE COURT: Has Mr. Cohen done anything that you have previously objected to or object to now?
> THE DEFENDANT: No, sir.
> THE COURT: Are you satisfied with the legal representation that Mr. Cohen has provided to you?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you wish – do you need to obtain any further legal advice from your attorney now before the court accepts your guilty plea?
> THE DEFENDANT: No, sir.

(Tr. at 28:11-19, 36:13-37:3.) This colloquy belies Defendant's current statement that he was very unsatisfied with Mr. Cohen's services.

Lacking any allegation of ineffective assistance of counsel, Defendant also relies on the fact that his financial circumstances changed, which enabled him to retain counsel. Defendant has cited no authority to support the proposition that the ability to retain counsel constitutes a fair and just reason to allow a defendant to withdraw his plea. The Court also has found no such authority in its own research. The Court recognizes that the "fair and just" standard is to be applied liberally. Further, the Court can envision circumstances where the ability to retain

7

1 counsel might constitute a fair and just reason to allow a defendant to withdraw a guilty plea.
2 Where, as here, Defendant was represented by capable counsel during plea negotiations, the Court
3 finds Defendant's changed financial circumstances and the ability to retain counsel does not
4 constitute a fair and just reason to withdraw his plea.

### 3. The Defenses Raised by Defendant's New Counsel Do Not Constitute a Fair and Just Reason to Allow Defendant to Withdraw His Plea.

7 Defendant also contends that his new counsel is willing to explore and investigate
8 defenses that Mr. Cohen allegedly was unwilling to raise. For example, Defendant contends that
9 he could call witnesses who were satisfied with his services and who did not believe they had
10 been defrauded. (Davis Decl., ¶ 13.)

11 Defendant relies on the *Garcia* case in support of this argument. However, in *Garcia*, the
12 defendant moved to withdraw his plea based upon the discovery of a witness that negated the
13 testimony of another witness who was going to testify against him. *See Garcia*, 401 F.3d at 1010.
14 In addition, the defendant did not learn about the existence of this witness until *after* he entered
15 his plea. On those facts, the Ninth Circuit held that the discovery of this new evidence would
16 constitute a fair and just reason to permit the defendant to withdraw his plea. *Id.* at 1011-12. In
17 this case, by contrast, Defendant does not offer a declaration from any of the potential witnesses
18 and does not offer any evidence that these witnesses were not known to him at the time he entered
19 his plea. Indeed, at the hearing on this motion, the Government represented that Mr. Cohen raised
20 this issue during plea negotiations.

21 Defendant also argues that the Government cannot prove the amount of loss it initially
22 claimed he earned as a result of his alleged conduct, and argues that Mr. Cohen never pursued this
23 issue.[2] However, the loss amount has not yet been determined. In the Agreement, the parties
24 specifically reserved the right to argue the actual loss amount. (Agreement at 6:22-25.) Indeed,
25 Defendant objected to the amount of the pecuniary loss attributed to him in the Presentence
26 Report. (Addendum to the Presentence Report ("Report") ¶ 2.) Consequently, there is nothing to

---

[2] Defendant acknowledges that the amount of loss is not an element of the crimes with which he is charged.

8

1 prevent Defendant from attacking the loss amount alleged by the Government at his sentencing,
2 and the Court finds that Defendant's arguments about the loss amount do not constitute a fair and
3 just reason to allow him to withdraw his guilty plea.
4    Finally, the Government argues that allowing Defendant to withdraw his plea would cause
5 undue prejudice and delay. Because Defendant has not made a sufficient showing in support of
6 his motion, the Court need not consider this factor. *See Read,* 778 F.2d at 1441.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court concludes that Defendant's waiver of his right to withdraw his plea is enforceable. The Court further finds that Defendant has not demonstrated a "fair and just" reason justifying withdrawal of his guilty plea and DENIES the motion.

**IT IS SO ORDERED.**

Dated: March 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE